IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER SIRMONS, JR.** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **COMMMONWEALTH STATE OF** | : | **NO. 14-1273** |
| **PENNSYLVANIA, et al.** | : | |

### MEMORANDUM

**JONES, J.**                                                                 **MARCH 28, 2014**

Plaintiff Christopher Sirmons, Jr., a prisoner incarcerated at SCI-Rockview, brings this action pursuant to 42 U.S.C. § 1983, based on his allegations that he was falsely arrested and imprisoned, and maliciously prosecuted. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

### I. FACTS[1]

Plaintiff alleges that police officers pulled his car over on October 17, 2012 and took a rifle from him. He further alleges that the officers drew up "illegal papers" to keep him in jail. Publicly available records reflect that criminal proceedings were initiated against plaintiff in Berks County after the October 17th arrest. *See* MJ-23309-CR-0000379-2012; CP-06-CR-0005197-2012. The docket reflects that a jury found plaintiff guilty of the criminal charges brought against him, and that he was sentenced to a period of incarceration. Plaintiff appears to be alleging that he was prosecuted and/or convicted based on false statements, and that the trial violated several of his constitutional rights.

---

[1] The following facts are taken from the complaint and publicly available dockets of relevant criminal proceedings in state court.

1

Based on the above allegations, plaintiff initiated this lawsuit, pursuant to 42 U.S.C. § 1983, against the Commonwealth of Pennsylvania, Berks County Law Enforcement, the District Attorney of Berks County, the Berks County Public Defender, and the Magesterial Court in Berks County. In addition to those defendants, who were listed in the caption, plaintiff identified five defendants on the second page of his complaint – Colleen Dugan, the Assistant District Attorney who prosecuted plaintiff; Sean Fitzgerald, the public defender who represented plaintiff in his criminal case; David Lehman, the officer who appears to have arrested plaintiff; Michael J. Leonardziak, the Magesterial District Judge who presided over plaintiff's preliminary hearing; and Paul M. Yatron, the Judge who presided over plaintiff's proceedings in the Court of Common Pleas. He seeks compensatory and punitive damages.

## II.   STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) apply, which require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider matters of public record. *Buck v. Hampton*

*Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"[T[o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Here, plaintiff seeks damages in part due to his allegedly unconstitutional conviction and imprisonment. However, he does not allege that any of his convictions have been reversed or otherwise invalidated. To the contrary, the docket from his criminal proceeding reflects that, although he has appealed his convictions to the Pennsylvania Superior Court, his convictions have not, at this point, been reversed or otherwise invalidated. Accordingly, his claims for damages based on his conviction and imprisonment are legally baseless because they are not cognizable in a civil rights action. If plaintiff seeks to challenge his state convictions in federal court, he must do so by filing a petition for a writ of *habeas corpus* after exhausting state remedies.

There are additional reasons why many of plaintiff's claims lack legal merit. First, the Commonwealth of Pennsylvania and the Pennsylvania courts are entitled to Eleventh Amendment immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (explaining that § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties"); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 235 n.1 & 241 (3d Cir. 2005) (holding that Pennsylvania's courts are entitled to Eleventh

3

Amendment immunity). Second, Judge Leonardziak and Judge Yatron are entitled to absolute judicial immunity from plaintiff's claims because those claims are based on acts they took in their judicial capacities while presiding over plaintiff's criminal case. *See Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000) ("[J]udges are immune from suit under section 1983 for monetary damages arising from their judicial acts."). Third, the District Attorney and Colleen Dugan, the Assistant District Attorney who prosecuted plaintiff, are entitled to prosecutorial immunity because plaintiff's claims are based on their prosecution of him for various crimes. *See Imbler v. Pactman*, 424 U.S. 409, 430 (1976) (prosecutorial immunity shields prosecutors from liability under § 1983 for "activities [that are] intimately associated with the judicial phase of the criminal process"). Fourth, the Public Defender and Sean Fitzgerald, the public defender who represented plaintiff in his criminal case, are not state actors for purposes of § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted).

The only remaining claims are plaintiff's claims against Officer Lehman and "Berks County Law Enforcement," for their role in the allegedly "unreasonable search and seizure" that took place on October 17, 2012. (Compl. ¶ II.D.) However, the complaint does not provide a sufficient factual basis to establish why plaintiff believes Officer Lehman or any other officer lacked probable cause to stop him or seize his rifle. *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (per curiam) (explaining that, to the extent plaintiff was asserting claims for false arrest and imprisonment, "[plaintiff] needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested"). Plaintiff's legal conclusions that he was falsely arrested and falsely imprisoned are

4

insufficient to establish a basis for a claim. *See Iqbal,* 556 U.S. at 678. Furthermore, plaintiff has not stated a claim against "Berks County Law Enforcement," which appears to be a subdivision of Berks County, because nothing in the complaint suggests that any of the alleged constitutional violations stemmed from a municipal policy or custom. *See Monell v. Dep't of Soc. Servs. of N.Y.,* 436 U.S. 658, 694 (1978).

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 114 (3d Cir. 2002). Here, plaintiff will be given leave to amend his Fourth Amendment claims based on his arrest on October 17, 2012, the related seizure of his rifle, and his imprisonment before he was subject to legal process (i.e., before his preliminary arraignment on the criminal charges that were filed against him). He will not be given leave to amend the remaining claims in his complaint.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's complaint will be dismissed. Plaintiff may file an amended complaint as set forth in this Court's order, which follows.